(18 Misc. Rep. 714.)

## PEOPLE ex rel. RYAN v. BOARD OF SUPERVISORS.

(Supreme Court, Special Term, Saratoga County.   December, 1896.)

1. CONSTITUTIONAL LAW—PUBLIC OFFICERS—DECREASE OF COMPENSATION.
   Laws 1896, c. 22, §§ 19, 20, which provide that the peace officers of a certain town shall not be "required" to serve process, and the town shall not be chargeable for service of process by them, is within the constitutional prohibition against a local act decreasing the compensation of public officers during their terms, and is invalid in so far as it undertakes to deprive such officers of compensation for services which it remained their duty to perform, as incumbents, after the act was passed.

2. SAME—RESPONSIBILITY FOR PERFORMANCE OF DUTIES.
   The provision that the officers shall not be "required" to serve process does not legally take away their duty in that regard.

Application for a peremptory writ of mandamus on the relation of Thomas Ryan against the board of supervisors of Washington county. Granted.

Edgar Hull, for relator.

Robert O. Bascom (Edgar T. Brackett, of counsel), for respondent.

STOVER, J.   This is an application for a peremptory writ of mandamus, requiring the board of supervisors to audit the relator's bill for services as a deputy sheriff of the town of Ft. Edward. The

facts are not denied, to wit, that the services were rendered by the relator as a deputy sheriff, and that the bill was presented to the board and rejected; but it is sought to uphold the refusal to audit his bill by the provisions of chapter 22 of the Laws of 1896, which is entitled "An act to provide for the better administration of justice in the town of Fort Edward, in the county of Washington." The act really is one to establish the office of police justice and police officer in such town, and, by sections 19 and 20, it is provided that the peace officers of the county or town shall not be "required" to serve any summons, warrant, subpœna, etc., or any justice of the peace of said town be "compelled" to issue any summons, warrant, subpœna, etc., and that the county of Washington or the town of Ft. Edward should not be chargeable with, or in any way liable to pay any officer for, the service of any summons, subpœna, etc., or for the issuing thereof. The act is assailed by the relator as unconstitutional, upon various grounds: First, that it is a private or local act, containing more than one subject, which subjects are not expressed in the title thereof; that it creates a court in and for the town of Ft. Edward which is not a court of local and inferior jurisdiction; that it is an act which purports to decrease the fees and allowances of public officers during the term for which said officers were elected, and that it deprives public officers of their fees; that it is against public policy, injurious, etc.

There can be no doubt that the act would be better entitled "An act to relieve the town of Fort Edward from the expenses of the administration of justice in criminal cases." And much might be said as to the wisdom of a policy which would prevent the speedy apprehension of criminals, by locating a single police justice in a town where means of communication might be limited, and of the policy of providing a separate course of procedure and administration in a single town in the state. But these considerations would be, perhaps, more properly directed to the legislative and executive branches of the state, which originate and approve legislation. Having arrived at a conclusion that the act is repugnant to the provision of the constitution which prohibits the legislature from passing a private or local bill "creating, increasing or decreasing fees, percentages or allowances of public officers during the term for which said officers are elected or appointed," I shall not discuss at this time the other objections which are urged to the bill.

It appears that the relator was appointed a deputy sheriff on the 1st day of January, 1895, and was therefore a peace officer prior to, and at the time of, the passage of chapter 22 of the Laws of 1896. That the legislature has the power to create a court of local and inferior jurisdiction is undisputed. That in doing so it may abolish the terms of incumbents of other courts of local and inferior jurisdiction is, it seems to me, unquestionable, but in this case the legislature does not undertake to do so. It does not limit the jurisdiction of the justices of the peace, or of the peace officers. They still have the right, under the law, to issue and to serve process out of those courts as they existed prior to the passage of the act. The legislature has assumed to relieve them from a responsibility by an

anomalous piece of legislation, viz. placing it within the discretion of a public officer in a certain locality as to whether he will discharge the duties of his office, which by law other officers of the same grade and character, in other localities, are required absolutely to perform. But even this novel legislation does not deprive the officers named of jurisdiction. They still have the right, and if a conscientious officer believes that it is his duty, upon an application made to him, to issue a warrant or other process, or, in the case of a peace officer, to serve a process duly issued, it is still within his power to do so. So that we have an officer placed where, in the conscientious discharge of his duty, he might feel called upon or compelled to act, notwithstanding the discretion given by the legislature, and yet, having so acted in the conscientious discharge of his duty, he is deprived by the same act of the compensation which the law had provided for such duty. So it practically comes to this: that while the officer must, in a conscientious discharge of his duty, perform the services, the legislature has said that the county or town shall not be liable therefor, or, in other words, that he shall receive no fees for it. A more pernicious violation of the spirit of the constitution could not be imagined. Certainly it would seem that an official of this character ought not to have a discretion as to whether he will perform duties or not, but, if it should be the good fortune of the town of Ft. Edward or the county of Washington to have selected a conscientious and faithful officer, he should not be deprived of his fees for his services. The act in question does not prohibit the officers named from discharging their duties. They are still public officers, with the duties that devolved upon them prior to the passage of the act of 1896; and it is still their duty to issue and to serve warrants, summons, and other process, if, in their judgment, the public interest requires it. A statute which says they shall not be compelled or required to serve or to issue process does not legally take away their duty in that regard. They still may, in the fair discharge of the duties of their office, issue and serve certain process. This being so, it follows that any act which undertakes to deprive them of their fees for such services is not a valid exercise of legislative authority. It seems to me that this proposition is hardly open to discussion. It follows that the officer has, in the discharge of his duty, performed services which the law imposed upon him, and that the act of 1896, so far as it undertook to deprive him of compensation for his services, is not valid. They still have the right, and it is their duty, in proper cases, to perform the services.

The relator is entitled to a peremptory mandamus requiring the board of supervisors to audit the relator's bill and allow him thereupon the statutory fees. Ordered accordingly.